KENTUCKY COMMISSION ON HUMAN RIGHTS, Commonwealth of Kentucky, Appellant,

v.

COMMONWEALTH of Kentucky, DE-PARTMENT FOR HUMAN RE-SOURCES, HAZELWOOD HOSPITAL, Appellee.

Court of Appeals of Kentucky.

March 17, 1978.

Galen A. Martin, Thomas A. Ebendorf, Samuel H. DeShazer, Kentucky Commission on Human Rights, Louisville, for appellant.

Robert W. Riley, Terry L. Morrison, Dept. for Human Resources, Frankfort, for appellee.

Before MARTIN, C. J., and WILHOIT and REYNOLDS, JJ.

MARTIN, Chief Judge.

This appeal concerns a claim of unlawful discrimination in employment on the basis of religion. On June 15, 1977 the Franklin Circuit Court initially entered its judgment and order upholding the Kentucky Commission on Human Rights' finding that the

Department for Human Resources and its institution, Hazelwood Hospital, had committed an unlawful practice of discrimination because of religion by refusing to hire Linda Sue Nunn (now Bailey) in violation of KRS 344.040. However, on August 11, 1977 the court vacated its June 15 judgment on the basis that the recently decided case of *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) so required. The issue on appeal is whether this action of the circuit court was proper.

KRS 344.030(5) and 104 KAR 1:050(1) require employers such as the appellee to make reasonable accommodations to the religious needs of employees and prospective employees where such accommodations can be made without undue hardship. As the Supreme Court in *Hardison* interpreted federal statutes and regulations virtually identical to our own in deciding what constituted an undue hardship, we believe *Hardison* to be most persuasive, if not controlling, in interpreting the Kentucky requirements.

The record discloses that Linda Sue Nunn (Bailey) is a member of the Worldwide Church of God. To remain in good standing with the Church, Mrs. Bailey, among other things, must abstain from gainful employment from sunset Friday to sunset Saturday and on the seven Holy Days of the Church. In May, 1974, she passed a state merit examination for the position of Nurse's Aide Trainee. On September 12, 1974, she accepted a job as a Nurse's Aide Trainee on the third shift (11:00 p. m. to 7:30 a. m.) at Hazelwood Hospital. After accepting the job, but before final processing, Mrs. Bailey informed the Nursing Supervisor, Ms. Patricia Burns, that she could not work from sunset Friday to sunset Saturday or on the Church's Holy Days. However, she did offer to work any other days, including Sundays. Ms. Burns then informed her that no accommodation could be made for her religious observances, and Mrs. Bailey was recorded as having declined the position for refusal to work scheduled hours.

It then appears that on an unspecified date Mr. Charles Workman, Assistant Director in the Department of Personnel for the Commonwealth of Kentucky, contacted Mrs. Bailey by phone concerning her refusal to work on her Sabbath and Holy Days. On November 18, 1974, he followed up the phone conversation with a letter stating that the Department for Human Resources had reviewed her case and concluded that no accommodation could be made because it would be unfair to other employees. He also enclosed an open exam booklet that listed classifications currently being tested by the Commonwealth, and offered to be of further assistance if necessary.

After conducting a hearing on October 24, 1975, the Kentucky Commission on Human Rights entered its findings of fact and conclusions of law on December 12, 1975. Among its findings were that the Department for Human Resources and Hazelwood Hospital did not discuss possible accommodations with Mrs. Bailey and made no effort to accommodate her religious beliefs. It concluded that the Department for Human Resources and Hazelwood Hospital had committed an unlawful practice as defined by KRS 344.040, and entered an order which provided, among other things, that the Department for Human Resources must offer Mrs. Bailey a choice between the first available opening as a Nurse's Aide Trainee or a position different from but comparable in salary to that of Nurse's Aide Trainee, accommodate her religious holidays, pay her all wages she would have earned to the date of compliance with this order less actual interim earnings, and adopt a department-wide policy against religious discrimination. The Franklin Circuit Court, after considering the record from the Kentucky Commission on Human Rights and the briefs of the parties, found that the Department for Human Resources and Hazelwood Hospital had failed to sustain their burden of proof under *Cummins v. Parker Seal Company,* 516 F.2d 544 (6th Cir. 1975). It held that the record failed to show, by substantial evidence, that undue hardship would result in accommodating Mrs. Bailey. Undue hardship was defined by the Franklin Circuit

Court as "chaotic personnel problems having a dire effect upon the operation of Hazelwood Hospital."

The Franklin Circuit Court, upon being advised of the holding in *Hardison, supra,* vacated its judgment. The court found that as *Hardison* altered the rule of *Cummins,* the Department for Human Resources and Hazelwood Hospital had now sustained their burden of proof and shown by substantial evidence that undue hardship would result from accommodating Mrs. Bailey.

This Court agrees with the Franklin Circuit Court that *Hardison* modified the standard for demonstrating undue hardship. There is a clear distinction between the *Cummins* standard of "chaotic personnel problems" which have a "dire effect" upon an employer's operation, and the holding in *Hardison* that more than a "de minimus cost" in the form of either lost efficiency or wages constitutes undue hardship. However, we also agree with the commission that *Hardison* did not remove the duty of the employer under KRS 344.030(5) and 104 KAR 1:050(1) to make reasonable accommodations short of undue hardship to the religious needs of its employees.

Before defining what it believed to be an undue hardship, the Supreme Court in *Hardison* thoroughly discussed what constituted a reasonable accommodation. In prefacing this discussion, the Court said "In brief, the employer's statutory obligation to make reasonable accommodation for the religious observances of its employees, short of incurring undue hardship, is clear . . . .", 432 U.S. 75, 97 S.Ct. at 2272. The Court concluded that the several conferences TWA held with Hardison, the accommodation of his special religious holidays, the authorization of the union steward to seek someone to swap with Hardison, and TWA's own attempt to find him another job constituted reasonable efforts at accommodation.

Here, the Franklin Circuit Court, in vacating its original judgment, did not attack the finding of the Kentucky Commission on Human Rights that the Department for Human Resources and Hazelwood Hospital made no effort at accommodation with Mrs. Bailey. Indeed, it made no mention at all of accommodation efforts. It merely stated that the standard of proving undue hardship had changed and therefore a different decision was required.

We are of the opinion that to justify vacating its judgment, the court first would have had to declare the commission's finding that no effort was made at accommodation clearly erroneous pursuant to KRS 344.240(2). However, based on the record before us, such a conclusion would not have been warranted. At best, the efforts at accommodation consist of a phone call from the Assistant Director of Personnel, Workman, to Mrs. Bailey, and a follow-up letter accompanied by a test booklet which only guaranteed her the opportunity to take a test to determine if she could even qualify to be interviewed for another position. The hospital itself made no attempts whatsoever at accommodation. Such efforts pale before the efforts of TWA in the *Hardison* case.

Of course, the employee cannot sit idly by and shift all the responsibility for accommodation to the employer. Here it appears that Mrs. Bailey made a genuine attempt at a solution. She testified that she offered to work any days other than her Sabbath and special religious holidays, but the record reveals that this offer was ignored. Her failure to respond to Assistant Director Workman's letter is excusable because the offer by Mr. Workman of further assistance can hardly be called a reasonable attempt at accommodation by the employer.

In view of the facts before us, we do not believe that the efforts made by the appellee to accommodate the religious beliefs of Mrs. Bailey were reasonable, and it is clear that additional efforts such as investigating the possibility of other employees "swapping time" with her could have been made without amounting to undue hardship.

Therefore, the judgment of the Franklin Circuit Court is reversed and this case is remanded to the circuit court for further proceedings consistent with this opinion.

All concur.