**KENTUCKY COMMISSION ON HUMAN RIGHTS and Frank Goins, Appellants,**

v.

**KERNS BAKERY, INC., Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1982.

Discretionary Review Denied
Feb. 9, 1983.

Galen A. Martin, Thomas A. Ebendorf, Samuel H. DeShazer, Sara L. Pratt, Kentucky Com'n on Human Rights, Louisville, for appellants.

Boyd F. Taylor, Taylor & Jensen, London, for appellee.

Before HOWARD, McDONALD and REYNOLDS, JJ.

HOWARD, Judge.

Kentucky Commission on Human Rights and Frank Goins appeal a judgment by the Laurel Circuit Court in which the court found the reasonable accommodations provision of K.R.S. 344.030(5) to be unconstitutional, therefore vacating an order of the Kentucky Commission on Human Rights and dismissing a complaint filed by Frank Goins against Kerns Bakery, Inc.

Appellant Frank Goins ("Goins") was employed by appellee Kerns Bakery, Inc. ("Kerns") as a roll oven operator in the production department. Kerns' production department worked five days a week, including Sundays, the "off-days" being Tuesdays and Saturdays. Goins worked on Sundays for two and one-half years.

In January, 1979, Goins began attending the East 80 Free Pentecostal Holiness Church and was later "saved," baptized and accepted into membership of the Church. One of the tenants of the Church is that Sunday is the Sabbath and its members are required to refrain from working on Sunday.

In May, 1979, Goins advised his supervisor of his religious belief against Sunday work and sought accommodation by way of a transfer to an available non-Sunday job or by being excused from Sunday work. Kerns made no effort to accommodate Goins and, when he failed to report to work for three Sundays, on May 28, 1979, he was fired.

Following his discharge, Goins filed a complaint with appellant, Kentucky Commission on Human Rights ("Commission"), alleging that Kerns had violated K.R.S. 344.040 by refusing to accommodate his religious belief and discharging him. On September 10, 1980, following a hearing, the Commission determined that Kerns had engaged in acts of religious discrimination in violation of K.R.S. 344.040. Specifically, the Commission found that Kerns had failed its statutorily required duty of making efforts to reasonably accommodate Goins' religious-based refusal to work on Sunday. The Commission also found that Kerns could have easily accommodated Goins without undue hardship to its business by either transferring him to an available non-Sunday job or simply excusing him from Sunday work.

Kerns, pursuant to K.R.S. 344.240, sought judicial review of the decision of the Commission, contending that: 1) the Commission's findings of fact were arbitrary and not supported by the evidence; 2) the Commission's order directing Kerns to pay back wages to Goins violated its right to trial by jury; and 3) K.R.S. 344.030(5) violated the "establishment clause" of the First Amendment to the Constitution of the United States and Section 5 of the Constitution of Kentucky.

On December 29, 1981, judgment was entered by the Laurel Circuit Court. The court found Kerns' first contention to be without merit since "... substantial evidence was presented ... that Kerns could have accommodated Goins' religious belief and practice without undue hardship on the conduct of its business." The court also found Kerns' second contention to be without merit.

However, the court agreed with Kerns' third contention and concluded that "the reasonable accommodation provision of K.R.S. 344.030(5) violates the Establishment Clause of the First Amendment to the Constitution of the United States and Section 5 of the Constitution of Kentucky." The trial court then vacated and set aside the decision of the Commission and remanded the case to the Commission with directions to dismiss the complaint. This action by the trial court was clearly erroneous and we reverse its holding that K.R.S. 344.030(5) is unconstitutional.

Chapter 344 of the Kentucky Revised Statutes is the Kentucky Civil Rights Act. K.R.S. 344.030(5) is a definition section, known as the accommodation provision, which states:

(5) "Religion" means all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

This definition of "religion" must be read in conjunction with K.R.S. 344.040(1) which provides:

It is an unlawful practice for an employer:

(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, national origin, sex or age ...

These pertinent sections of the Act are virtually identical to Title VII of the Federal Civil Rights Act of 1964, as amended in 1972, Sec. 701(j), Title VII, 42 U.S.C. Sec. 2000e. These sections clearly prohibit employers from discriminating against employees on the basis of religion, including discrimination against Sabbath observances by employees. The question then is, do the aforementioned provisions violate that part of the First Amendment to the Constitution of the United States which says "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..." and a similar provision found in Section 5 of the Kentucky Constitution?

The "reasonable accommodation" provision found in Title VII has been held to be constitutional in at least three federal circuit courts of appeal, including the Sixth Circuit. *Cummins v. Parker Seal Co.*, 516 F.2d 544, 9 EPD 7772 (6th Cir.1975), rev'd. on other grounds, 433 U.S. 903, 97 S.Ct. 2965, 53 L.Ed.2d 1087 (1977). In *Cummins* the Court said that the accommodation provision promotes religious freedom, which benefits all people, and that the provision does not violate the Establishment Clause. The Court said, in part, "In our view, the primary effect of Regulation ... is to inhibit discrimination, not to advance religion."

It is true, as appellee argues, that the courts of this country are divided on the issue of whether such accommodation provisions are constitutional. However, there is no question that the standard to be followed in deciding Establishment Clause cases has been set out by the Supreme Court in *Committee for Public Education v. Nyquist,* 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973).

Taken together, these decisions dictate that to pass muster under the Establishment Clause the law in question first must reflect a clearly secular legislative purpose, e.g., *Epperson v. Arkansas,* 393 U.S. 97 [89 S.Ct. 266, 21 L.Ed.2d 228] (1968); second, must have a primary effect that neither advances nor inhibits religion, e.g., *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *School District of Abington Township v. Schempp,* 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); and third, must avoid excessive government entanglement with religion, e.g., *Walz v. Tax Commissioner, supra.*

We agree with appellants that K.R.S. 344.040 meets these three tests and is therefore consistent with the Establishment Clause.

The secular purpose of this accommodation statute is to remove a barrier allowing discrimination in employment and to eliminate the situation where an employee is forced to abandon "one of the precepts of 'his' religion in order to accept work ..." *Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). By adopting this statute, the Legislature merely promotes equal employment opportunities for members of all religious faiths.

The accommodation provision also passes the second part of the test, in that it does not have a "primary effect" that advances or inhibits religion. As the Court said in *Nyquist, supra,* "... not every law that confers an 'indirect,' 'remote' or incidental benefit upon religious institutions is, for that reason alone, constitutionally invalid." The Legislature, by this provision, is in no way offering sponsorship, financial support or active involvement to any religious activity. As appellants contend, the primary effect of this accommodation accrues to individuals and not to any religious organization. Chief Justice Burger said in *Nyquist, supra:*

> The answer, I believe, lies in the experienced judgment of various members of this Court over the years that the balance between the policies of free exercise and establishment of religion tips in favor of the former when the legislation moves away from direct aid to religious institutions and takes on the character of general aid to individual families.

The last part of the test for Establishment Clause cases is that the provision not involve an excessive entanglement of government in religion. The Legislature's interest here in religion is only for the purpose of outlawing religious discrimination in employment. This certainly cannot be interpreted as "excessive entanglement" in any sense of the words. The provision does not even attempt to absolutely mandate what an employer *must* do when faced with an employee seeking accommodation because of his religious beliefs. Instead, it provides that the employer should accommodate that employee *only if* he can "rea-sonably" do so "without undue hardship on the conduct of the employer's business." K.R.S. 344.030(5).

 We find that the accommodation provision found in K.R.S. 344.030(5) is therefore constitutional. Since the record of the case indicates that Kerns could have made a reasonable effort to accommodate appellant Goins without undue hardship, the Commission was correct in ordering reinstatement of Goins.

The judgment of the Laurel Circuit Court is hereby reversed and the order of the Kentucky Commission on Human Rights is reinstated.

All concur.