**Maurice Craig EVANS and Edmund P. Karem, Chairperson of Kentucky Commission on Human Rights, Appellants,**

v.

**GENERAL TIRE AND RUBBER COMPANY, MAYFIELD DIVISION, Appellee.**

and

**GENERAL TIRE AND RUBBER COMPANY, MAYFIELD DIVISION, Cross-Appellant,**

v.

**Maurice Craig EVANS and Edmund P. Karem, Chairperson of Kentucky Commission on Human Rights, Cross-Appellees.**

Court of Appeals of Kentucky.

Aug. 5, 1983.

Discretionary Review Denied
Feb. 8, 1984.

Galen A. Martin, Executive Director and Atty., Thomas A. Ebendorf, Compliance Di-

rector and Atty., Samuel H. Deshazer, Asst. Compliance Director and Atty., Kentucky Com'n on Human Rights, Louisville, for appellants and cross-appellees.

S. Boyd Neely, Jr., James B. Brien, Jr., Neely & Brien, Mayfield, Theodore Ravas, Asst. Counsel, General Tire and Rubber Co., Akron, Ohio, for appellee and cross-appellant.

Before HAYES, C.J., and COOPER and McDONALD, JJ.

HAYES, Chief Judge:

Maurice Craig Evans and Edmund P. Karem, on behalf of the Kentucky Commission on Human Rights, appeal from a trial court judgment which set aside the Commission's finding of religious discrimination by appellee, General Tire and Rubber Company. The cross-appeal by General Tire is from the failure of the trial court to rule on the constitutionality of the different statutes involved.

Maurice Craig Evans was a lab technician and a non-union, hourly employee of appellee. He had been employed since April, 1972. He and all other lab technicians (apparently there were four) were required to occasionally work overtime during the week and on Saturdays. The method of determining who would work the overtime was based on a voluntary, rotational system.

Under this system two of the four lab personnel were needed on Saturdays, one finish batch inspector and one lab technician. The next such Saturday, the other two lab personnel would work. The intent of the system was to equalize the number of Saturdays worked by each lab employee. Employees were permitted to trade off and make adjustments on particular Saturdays when conflicts of a personal nature arose.

The Saturday work was occasional and Evans worked under this plan until April, 1978. He then became a member of the Worldwide Church of God. The sabbath of that religion extends from sundown Friday to sundown on Saturday. Based upon his religious belief, Evans advised his supervisor that he no longer would work on any Saturday. Evans was told he could attempt to get other employees to work in his place on a voluntary basis.

Evans apparently was successful in getting voluntary replacements for Saturdays until September, 1978. When Evans could not get a replacement and refused to work himself on four Saturdays in September and October, 1978, Evans was fired.

Evans filed a complaint with the appellant Commission alleging that appellee violated KRS 344.040 in that appellee engaged in the unlawful practice of firing him because of his religion.

The Commission entered its findings that appellee had violated KRS 344.040 and it ordered appellee to reinstate Evans with back pay. It also ordered appellee to thereafter accommodate Evans need to be absent from work on Saturdays.

Appellee's appeal to circuit court was successful. The trial court essentially found that the Commission had misapplied the law and therefore was clearly erroneous in its findings that appellee had discriminated against Evans because of his religion.

Appellants contend the trial court erred because: (1) it exceeded its scope of judicial review pursuant to KRS 344.240(2); (2) the findings of the Commission were supported by substantial evidence and therefore were not clearly erroneous; and, (3) appellee did not make all reasonable efforts to accommodate Evans' sabbath.

Kentucky's Civil Rights Act, enacted in 1966, is found in Chapter 344 of the Kentucky Revised Statutes. KRS 344.040, in effect when Evans' employment was terminated, states in pertinent part:

It is unlawful practice for an employer:

(1) . . . to discharge an individual . . . because of such individuals . . . religion. . . .

KRS 344.030 defines "religion" as:

(5) "Religion" means all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employe's or prospective em-

ploye's religious observance or practice without undue hardship on the conduct of the employer's business.

It has been determined that the above Kentucky law is the same in intent as Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) and 2000e–2(j). *Ky. Commission on Human Rights v. Kentucky Department for Human Resources,* Ky.App., 564 S.W.2d 38 (1978).

■ Appellants first contend that KRS 344.240 dictates that the judicial scope of review of the Commission's findings is limited to determining whether those findings are clearly erroneous and that those findings shall be conclusive if supported by probative and substantial evidence, viewing the entire record. We have no argument with this statement of the scope of review. *Kentucky Comm'n on Human Rights v. Fraser,* Ky., 625 S.W.2d 852 (1981).

■ However, as appellee contends, the above statement of the law further assumes the proper legal standard was applied to the facts as found by the Commission. We submit that if the Commission has misapplied the law, its decision becomes an arbitrary and therefore, a clearly erroneous one. *Fraser, supra.* The trial court determined that the Commission did not base its conclusion upon a proper determination of the existing law as applied to the facts found by the Commission. We agree with the trial court and affirm its judgment.

The pertinent findings of the Commission were:

(6) Lab employees of Respondent (appellee) are not unionized and are not subject to nor derive any rights from the terms of any collective bargaining agreement.

. . . .

(10) Respondent failed and refused to exercise available options in order to secure an accommodation of Complainant's religious practice.

And the Commission concluded that:

(4) the General Tire and Rubber Company could have reasonably accommodated Mr. Evans' religious practices prohibit-

ing Saturday work without undue hardship on the conduct of the Company's business. This accommodation was required according to the standards imposed under the case of *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63 [97 S.Ct. 2264, 53 L.Ed.2d 113] (1977); *Brown v. General Motors Corp.,* 601 F.2d 956 (8th Cir.1979); and *Kentucky Commission on Human Rights v. Commonwealth of Kentucky, Department for Human Resources, Hazelwood Hospital,* Ky.App., 564 S.W.2d 38 (1978). This accommodation would not have violated a union contract or seniority agreement, and would not have imposed any cost above *de minimus.*

We would surmise that a majority of Commission hearings result in conflicting evidence. The Commission, in that event, certainly has the perogative of coming down on either side of the issue in their findings, just as the Workers' Compensation Board. However, if it follows that applying a misinterpretation of the applicable law to those facts as found is conclusive also, then we submit that would result in an unconstitutional denial of the parties' access to the courts of this Commonwealth for a determination and decision of a "case or controversy".

The Commission obviously determined and argued before the trial court and argue to us that *Hardison, supra,* stands for the proposition that "undue hardship" on the employer that results from accommodating one's religious practices to the denial of job and shift preferences of other employees can only result legally where there is a collective bargaining agreement or contractual right to shift or job preference. In fact *Hardison* stated at page 84–85:

In the absence of clear statutory language or legislative history to the contrary, we will not readily construe the statute [Title VII] to require an employer to discriminate against some employees in order to enable others to observe their Sabbath.

This language was interpreted in *Brener v. Diagnostic Center Hospital,* 671 F.2d 141 (5th Cir.1982), the most recent decision we

have been able to locate. That decision stated in footnote 5 at page 146:

Brener argues that *Hardison* is distinguishable from this case because a collective bargaining agreement was involved, but the excerpt quoted above clearly indicates that the court's concern was not only with breach of the agreement but also with preferential treatment of some employees on the basis of religion.

■ We agree with this interpretation of the above quote from *Hardison, supra* at page 84–85. The Commission erroneously believed the refusal of Evans' fellow employees (and all obviously objected as Evans could find no one to substitute for him on the Saturdays in question) and the unrebutted testimony of morale problems on account of attempts to accommodate Evans's religious practices could not constitute legal "undue hardship" under *Hardison*. The trial court correctly found the Commission was erroneous in such belief.

The lost efficiency and the resulting cost to the appellee as a result of it forcing others to work for Evans on Saturdays obviously would be more than *de minimus*.

The cases relied upon by appellants, in addition to *Hardison, Brown v. General Motors*, 601 F.2d 956 (8th Cir.1979); *Franks v. Bowman Transportation*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Padon v. White*, 465 F.Supp. 602 (Tex.1979); and *Anderson v. General Dynamics*, 589 F.2d 397 (9th Cir.1978), are all distinguishable from the present case.

In *Brown*, the employee, unlike Evans, was an assembly line worker with no special skills and General Motors, unlike General Tire, had hired extra employees for the assembly line for the specific purpose of filling in for others without any additional costs.

*Franks v. Bowman Transportation*, was an unlawful discrimination case based on failure to employ because of race. Even though it held that "rightful place" seniority relief could not be denied on the abstract basis of adverse impact on the interest of other employees, it is not a religious discrimination case and has no application here.

In *Padon v. White*, there was an agreement whereby there was a *voluntary* replacement for the employee Pardon who also agreed to do work on Sundays and even on his sabbath, Saturday, in emergencies. The two big differences between *Padon* and the present case are that, in *Padon*, the employer could obtain voluntary replacement workers and there was no extra cost involved.

In *Anderson v. General Dynamics*, the court stated that proof that employees would disapprove of a particular accommodation (a failure to pay union dues based on religious beliefs) was not enough to establish undue hardship. However, whether Anderson paid union dues or not, no fellow employee was involuntarily required to work in his place at any given time. *Anderson*, then did not involve any type of neutral or voluntary scheduling system to accommodate an employee's observance of his sabbath.

The efforts made by General Tire to accommodate Evans' needs were similar to those of the employer in *Brener, supra*. We believe that case is dispositive.

*Brener* was a pharmacist who was scheduled to work one out of five weekends. Brener and the other four pharmacists arranged their own schedules and could trade shifts on a voluntary basis. As in the instant case, Brener was able to find voluntary replacements at times and on occasion the pharmacy director ordered one of the other four pharmacists to work for Brener, a member of the Jewish faith, whose sabbath was from sunset Friday to sunset Saturday.

The pharmacy director received complaints from Brener's fellow pharmacists about the special treatment received by Brener. Upon Brener's failure to find a volunteer and when he did not appear for work on a weekend, Brener was fired. Citing *Hardison, supra*, the court held that the employer need not deny the shift and job preference of some employees thereby discriminating against them, in order to rea-

sonably accommodate the religious needs of others.

This case is unlike *Ky. Com'n on Human Rights v. Kerns Bakery,* Ky.App., 644 S.W.2d 350 (1982), because the employer there made no effort to accommodate Goins' religious beliefs.

However, *Kerns Bakery* is dispositive of the cross-appeal by General Tire as the constitutionality of the statutes involved here were upheld in that case.

The judgment of the trial court is affirmed.

All concur.