**KENTUCKY COMMISSION ON HUMAN RIGHTS and Cari L. Hardin, Appellants,**

v.

**LESCO MANUFACTURING & DESIGN CO., INC., Appellee.**

No. 86–CA–1456–MR.

Court of Appeals of Kentucky.

Sept. 18, 1987.

Galen A. Martin, Thomas A. Ebendorf, Frank L. Bush, Kentucky Com'n on Human Rights, Louisville, for appellants.

Kenneth S. Handmaker, Middleton & Reutlinger, Louisville, for appellee.

Before HOWERTON, C.J., CLAYTON and DYCHE, JJ.

HOWERTON, Chief Judge.

The Kentucky Commission on Human Rights and the claimant, Cari L. Hardin, appeal from an order of the Oldham Circuit Court reversing and vacating an order of the commission. The commission determined that Lesco Manufacturing & Design Co. had engaged in unlawful religious discrimination and ordered it to pay Hardin her wages from December 22, 1983, to January 25, 1984, together with the sum of $250 as compensatory damages for embarrassment, humiliation, and mental distress resulting from the unlawful practice. The court determined that Hardin was precluded from bringing her action before the commission, because she had previously brought an unsuccessful claim for unemployment compensation, and because Hardin had made inconsistent statements in her application for unemployment benefits and in her claim for relief through the Human Rights Commission. We find this ruling to be reversible error.

Hardin was employed by Lesco as a receptionist/secretary in June 1983. In September she was reclassified as a secretary/payroll clerk. She nevertheless continued to serve in a backup role for answering the telephone.

On December 22, 1983, the president of Lesco instructed all personnel to answer the telephone with the greeting, "Merry Christmas, Lesco." Hardin immediately informed the president that the greeting would compromise her beliefs as a Jehovah's Witness. He informed her that if she could not answer the phone as he instructed, he would write her a check. Hardin also consulted with her immediate supervisor and with the vice-president of the company. Both parties informed her that she must do as she was told. Later that day, Hardin was given a final check and she departed.

Hardin filed a claim for unemployment insurance benefits in which she claimed to have been discharged. Lesco responded that she "quit." On January 12, 1984, the insurance examiner denied her benefits and found that Lesco's request was reasonable and that Hardin had voluntarily left her employment without just cause. The examiner's decision was not appealed, as Hardin found new employment on or about January 25.

On March 29, 1984, Hardin filed her complaint with the Commission on Human Rights alleging religious discrimination. The commission found that Lesco had discriminated against Hardin and ordered it to cease its unlawful practice and to pay her back wages plus $250 as compensatory damage. It was this decision which was appealed to the Oldham Circuit Court. From the order of the Oldham Circuit Court, Hardin now brings this appeal.

The issues may be generally stated in two questions. First, was Hardin barred from asserting her discrimination complaint due to the unappealed decision of the unemployment examiner; and second, was

the decision of the commission supported by the facts and the law in this case?

The Oldham Circuit Court ruled that a complaining party cannot relitigate in successive filings identical issues based upon the same facts. The court also determined that Hardin's complaint was barred because of an inconsistent statement to the Unemployment Insurance Commission that she had voluntarily quit. This latter point was a clear error by the court. Hardin in fact claimed that she had been discharged by the employer because of religious reasons.

■ The doctrine of collateral estoppel is intended to prevent multiple litigation based on the same circumstances. However, the U.S. Supreme Court stated in *University of Tennessee v. Elliott*, ── U.S. ──, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986), "... Congress did not intend unreviewed state administrative proceedings to have preclusive effect upon Title VII claims." In order for one administrative decision to preclude further litigation, certain threshold requirements must exist. In *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the court held that the earlier administrative proceedings must actually have litigated an issue and that the proceedings must have afforded a full and fair opportunity for the litigants. Relevant factors for determining whether a full and fair hearing had occurred would include a judicial-type adversary proceeding, with testimony taken under oath, with witnesses being available for cross-examination, and with a record of the proceedings, including any written and documentary evidence which was presented at the hearing. In this case, the only item brought to the attention of the unemployment insurance examiner was Hardin's complaint and the employer's response. There was no hearing of any sort.

We must conclude that the doctrine of collateral estoppel is not a bar to Hardin's complaint before the Commission on Human Rights. We add that the doctrine of res judicata is likewise not applicable because there was no final judgment on the merits of the unemployment claim by a court of competent jurisdiction.

■ Although Hardin had an opportunity to appeal the decision for unemployment insurance, she had no cause to proceed further since she was employed elsewhere before the time for taking an appeal. Furthermore, KRS Chapter 344 grants the Kentucky Commission on Human Rights the preemptive right to adjudicate complaints of discrimination.

■ We next turn to the question of whether the facts and the law support the opinion and award of the commission. We agree with Hardin that the record contains substantial and probative evidence to support the commission's finding that she was discharged because of religious discrimination.

■ In order to establish a prima facie case of religious discrimination, one must prove that (1) he has a bona fide belief that compliance with an employment requirement is contrary to his religious faith; (2) he informed his employer about the conflict; and (3) he was discharged because of his refusal to comply with the employment requirement. KRS 344.030(5) defines "religion" as "... all aspects of religious observation and practice, as well as belief." Jehovah's Witnesses is an established and recognized religion.

Hardin testified that saying the greeting "Merry Christmas" to another person, at any time or in any manner, would be considered by her as a violation of her religious beliefs. She was supported in this fact by the testimony of Robert Shane, an elder and member of the governing body of Hardin's Jehovah's Witnesses congregation. Hardin also supported her claim from exhibits taken from publications of Jehovah's Witnesses concerning the prohibition against the observance of Christmas.

There is no question concerning the fact that Lesco's officers and Hardin's immediate supervisor were informed of the conflict between the instructions and Hardin's religious beliefs. Hardin sought to obtain some accommodation, but Lesco offered none. The record also appears clear that

Lesco could have accommodated Hardin's religious beliefs without undue hardship to its business. This could have been accomplished by not requiring her to answer the phone during this season or she could have merely answered with the greeting "Good Morning, Lesco."

Once a prima facie case has been established, as in Hardin's situation, the respondent, Lesco, must then prove that an accommodation to the claimant's beliefs will result in some undue hardship. This was not done. In *Trans-World Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977), the court ruled that more than a de minimis cost in the form of either lost efficiency or wages constitutes undue hardship which will relieve an employer of its duty to accommodate the religious beliefs of its employees. This standard was recognized in *Kentucky Commission on Human Rights v. Commonwealth of Kentucky, Department for Human Resources, Hazelwood Hospital*, Ky.App., 564 S.W.2d 38 (1978).

Lesco argues that Hardin failed to establish that saying "Merry Christmas, Lesco" is a protected activity. In *Palmer v. Board of Education of City of Chicago*, 466 F.Supp. 600 (N.D.Ill.1979), *cert. denied*, 444 U.S. 1026, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980), a kindergarten teacher and Jehovah's Witness was threatened with discharge because she refused upon religious grounds to instruct her students in the Pledge of Allegiance and to conduct instruction and activities involving certain national holidays, including Thanksgiving and Christmas. She sought an injunction claiming a violation of her First Amendment rights. The court determined that her refusal to teach certain patriotic songs and conduct holiday activities was not the subject of First Amendment protection. Lesco claims that Hardin's refusal to say "Merry Christmas" is not entitled to First Amendment protection. We agree with Hardin, however, that her complaint is not based on First Amendment rights but rather on KRS Chapter 344 (discrimination based on religion). We would further distinguish the two situations by pointing out that there is a pressing need for children to be taught certain patriotic activities and about certain national holidays and seasons. We believe that several distinctions can be drawn between *Palmer, supra*, and the case at bar.

Finally, there is the question of whether the damages awarded to Hardin were supported by the evidence. We have absolutely no problem in finding that there is substantial evidence to support the award made by the commission. The commission ordered that Hardin's wages be paid from the time she was terminated until she was reemployed in January of 1984. The $250 award for humiliation and embarrassment was based on the evidence presented by Hardin that she was very upset and embarrassed when she had to leave her employment under these circumstances. Although she did voluntarily relate the reason for her unemployment to prospective employers, such was necessary to explain why she was presently unemployed.

An overwhelming majority of citizens in this country observe the Christmas season as either a religious or national holiday, but the record clearly indicates that such observation and celebration is against the beliefs of Jehovah's Witnesses. While many people would consider that the mere statement or greeting of "Merry Christmas" would not endorse Christmas, any more than a Christian wishing a Jew a "Happy Hanukkah" endorses the Jewish faith, Hardin nevertheless satisfactorily proved that her statement would compromise her beliefs. It would not have been unreasonably difficult for Lesco to have accommodated Hardin in her beliefs, and the commission so found. If the commission's findings are based on statutes, law, and substantial evidence of probative value, its determinations must be supported.

The order of the Oldham Circuit Court is reversed, and this case is remanded with instructions to reinstate the order of the Commission on Human Rights.

All concur.