Patricia Ward MARTIN, Appellant,

v.

PERSONNEL BOARD and Corrections Cabinet, Commonwealth of Kentucky, Appellees.

No. 95–CA–1258–MR.

Court of Appeals of Kentucky.

Oct. 3, 1997.

Case Ordered Published by Supreme Court Jan. 14, 1998.

Discretionary Review Denied by Supreme Court Jan. 14, 1998.

Joe F. Childers, Lexington, for Appellant.

Mark A. Sipek, Frankfort, for Appellees.

Before ABRAMSON, COMBS and GARDNER, JJ.

### OPINION

GARDNER, Judge.

Patricia Ward Martin (Martin) appeals from a judgment of the Franklin Circuit Court denying her motion for attorney fees. After reviewing the record below, we find no error, and affirm.

Martin served as Warden of the Frankfort Career Development Center (FCDC). She was removed from that position. She filed an appeal of her dismissal with the Kentucky Personnel Board (the board), alleging that she was fired for refusing to show favoritism toward a classified employee who had obtained the intervention of the Governor's office in a routine personnel matter at FCDC. She also maintained that she was removed as warden because of a newspaper editorial written by her father which was critical of then Governor Wallace Wilkinson. A pre-hearing conference was held by the board, and a hearing officer issued a report and recommendation that the appeal be dismissed, because the board lacked jurisdiction. The officer specifically concluded that Kentucky Revised Statute (KRS) 18A.140 did not apply because Martin was not a classified employee. The board approved, adopted the hearing officer's recommendation and dismissed Martin's appeal.

Martin next proceeded to Franklin Circuit Court, asking the court to review the board's decision and find that the board had jurisdiction to hear her appeal. The circuit court in an order of January 24, 1990, agreed with Martin and set aside the board's order dismissing her appeal and remanded the action to the board with instructions to conduct a hearing pursuant to KRS 18A.095(9) and make findings and conclusions. The Corrections Cabinet appealed from the circuit court's decision, and this Court reversed the circuit court's decision. Martin sought dis-

cretionary review in the Kentucky Supreme Court which ultimately reversed this Court and upheld the circuit court's decision remanding the case for a hearing.

Martin had filed a motion in March 1990 with the circuit court for attorney fees and costs pursuant to KRS 18A.095(24). Following the Kentucky Supreme Court's decision in her case, in April 1992, Martin refiled her motion for attorney fees and costs. The circuit court in a judgment entered May 2, 1995, ruled that Martin was not entitled to recover attorney fees and denied her motion. Martin has appealed from that ruling.

Martin contends on appeal that the plain language of KRS 18A.095(24) clearly provides that an employee who prevails by a final adjudication on the merits provided by KRS 453.260 shall be awarded reasonable attorney fees. She maintains that the circuit court committed reversible error by not awarding her attorney fees. We have uncovered no reversible error.

KRS 18A.095(24) provides, "If a final order of the board is appealed, a court shall award reasonable attorney fees to an employee who prevails by a final adjudication on the merits as provided by KRS 453.260. This award shall not include attorney fees attributable to the hearing before the board." The version of KRS 453.260(1) in effect at the time Martin brought her original appeal to the board stated,

In addition to any costs which are awarded as prescribed by statute, a court shall award costs to any party which prevails by a final adjudication on the merits in any of the following:

(a) A civil action brought by the Commonwealth against the party;

(b) A civil action brought by the party against the Commonwealth to challenge the assessment of collection of taxes;

(c) A court proceeding to review an administrative review board decision, where the original administrative action was brought by the Commonwealth against the party.

A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdic-

tion or form, or is a judgment that determines on an issue either of law or fact, which party is right. *Hayes v. Ricard,* 251 N.C. 485, 112 S.E.2d 123, 127 (1960), quoting 30A Am.Jur. Judgments, § 348. *See also The Continental Insurance Companies v. Hancock,* Ky., 507 S.W.2d 146 (1973); *Kentucky Commission on Human Rights v. Lesco Manufacturing & Design Co.,* Ky.App., 736 S.W.2d 361 (1987).

In the instant case, a final judgment on the merits had not been made when Martin filed her motions seeking attorney fees in 1990 and 1992 or at the time the circuit court issued its judgment denying her motions for attorney fees and costs.[1] While Martin was successful in convincing the Kentucky Supreme Court that she was entitled to a hearing regarding her dismissal as warden of FCDC, she did not secure a successful judgment on the merits. A decision on jurisdictional grounds stating that Martin is entitled to a hearing, while very important, is not a decision regarding the merits of her claims. Pursuant to the language of KRS 18A.095(24), KRS 453.260 and other applicable law, the circuit court correctly determined that Martin was not entitled to recover attorney fees. Likewise, her argument that the Corrections Cabinet is estopped from denying attorney fees to Martin because of an alleged concession by its counsel in 1990 lacks merit.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

All concur.

---

1. After the Kentucky Supreme Court remanded Martin's case, the board upheld her dismissal. This decision is apparently in the appeals stage at this time.